UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COURT FILE NO.: CV - _____

-------------------------------------------------------------X
TERESA MAURIELLO

        Plaintiff,     **COMPLAINT**

  -against-

RICHARD D. SOKOLOFF, ESQ., D/B/A
RICHARD SOKOLOFF, ATTORNEY AT LAW

        Defendant.
-------------------------------------------------------------X

For this complaint, the Plaintiff Teresa Mauriello (hereinafter "Ms. Mauriello"), by her attorney, Stanley Smotritsky, states as follows:

## INTRODUCTION

1. This is an action for money damages and declaratory judgment, brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA") and New York Judiciary Law § 487.

2. This case involves Defendant's abuse of process to illegally seize Plaintiff's assets and Defendant's demands for payment with interest after all claims relating to an alleged debt had been dismissed with prejudice by the New York Civil Court, Bronx County.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 28 U.S.C. § 1337 and pursuant to 15 U.S.C. §1692 (k).

4. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

5. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and 2202.

6. This action arises out of Defendant's violations of the FDCPA.

7. Venue is proper in this District because the acts and transactions that give rise to this action occurred, in substantial part, in this district and Defendant transacts business and is otherwise found in this District.

## PARTIES

8. Ms. Mauriello is an individual person who resides in Bronx, New York.

9. Ms. Mauriello is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) since she is a natural person allegedly obligated to pay a debt.

10. Defendant, Richard D. Sokoloff Esq., (hereinafter "Sokoloff") is an attorney engaged in the collection of debts in New York State with a principal place of business at 3245 Route 112 – Suite 1, Medford, NY 11763.

11. Defendant Sokoloff's principal purpose is the collection of debts; and he regularly attempts to collect debts alleged to be due another.

12. Sokoloff is a "debt collector" as that term is defined by 15 U.S.C. § 1692 (a) (6).

## FACTUAL ALLEGATIONS

13. Ms. Mauriello is alleged to have incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

14. On or about August 9th, 2011 Ms. Mauriello was informed via mail by her bank (Apple Bank) that there was a hold placed on her safe deposit box pursuant to an information subpoena and restraining notice that was served upon them. Along with the letter Ms. Mauriello received from her bank, she received a copy of the restraining notice that was served upon the bank, which was signed and was served at the request of Richard Sokoloff.

15. On or about September, 2010 Sokoloff contacted Ms. Mauriello to attempt to collect her debt. Sokoloff continued the unwanted contact even after Ms. Mauriello obtained a dismissal of her judgment on November 8th, 2010.

16. Upon information and belief, Sokoloff never sent Ms. Mauriello the 30 day validation notice as is required by 15 U.S.C. § 1692g.

17. On or about August 9th, 2011 Ms. Mauriello contacted Sokoloff's office and explained to them that the case against her was dismissed in 2010. Ms. Mauriello subsequently faxed a copy of the order of dismissal to Mr. Sokoloff's office. Subsequently, Ms. Mauriello spoke to an agent of Sokoloff who informed Ms. Mauriello that while the judgment was dismissed in the matter of C-Tech against her, they were not C-Tech and that they still could collection on

that judgment. This was a gross misrepresentation of the law and another example of the deceitful tactic's employed by Sokoloff and his agents.

18. Sokoloff refused to release Ms. Mauriello's account even after receiving a copy of the order of dismissal.

19. This action is being taken by Sokoloff pursuant to an alleged judgment that Sokoloff has against Ms. Mauriello in Bronx County, in the case of C-TEC V. TERESA A. LEONARDO (Ms. Mauriello's former name), Index Number: 9074/05.

20. The original complaint alleged that Ms. Mauriello owed $3,587.76, the amount which is now alleged by Sokoloff is $5,499.37 including interest, which has accrued since the default judgment was entered on August 5th, 2005.

21. While a default judgment was entered against Ms. Mauriello on August 5th, 2005, that judgment was later dismissed by the Honorable Judge Ben R. Barbato on or about November 8th, 2010 in part because the Court lacked personal jurisdiction over Ms. Mauriello due to the fact that no proper service of process was conducted and Ms. Mauriello never received actual service as required by New York Civil Practice Law Rules (hereinafter CPLR) 3211.

22. Furthermore, despite the defects in service found by the Court, the original affidavit of service indicated that actual service was made to Ms. Mauriello.

23. Upon information and belief, the restraining notice dated July 27, 2011 that was served upon Apple Bank was prepared and served by Sokoloff without any meaningful review.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692 et seq.

24. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

25. By undertaking the above references collection activities Defendant repeatedly violated 15 U.S.C. § 1692 et seq.

26. Specifically and without limitation, Defendant violated the FDCPA by:

   a. Attempting to enforce a judgment by serving an information subpoena and restraining notice on Apple Bank after the judgment had been vacated and the case dismissed with prejudice, in violation of §§ 1692c(b), 1692e, 1692e(3), 1692e(5), 1692e(8), 1692e(9), 1692e(13) and 1692f;

   b. Falsely misrepresenting the nature of the debt to Ms. Mauriello by claiming Defendant could still collect on a dismissed judgment, in violation of 15 U.S.C. § 1692e (2).

   c. Failing to send Ms. Mauriello the required 30 day validation notice pursuant to 15 U.S.C. § 1692g.

   d. Sending a letter that demands payment on an alleged balance, including statutory interest, after the judgment had been vacated and the claim for the

balance had been dismissed with prejudice, in violation of §§ 1692e, 1692e(2), 1692e(3), 1692e(5), 1692e(10), 1692f, and 1692f(1); and

d. Serving an information subpoena, putting a hold on Ms. Mauriello's account and sending a demand for the aforementioned funds were deceptive and misleading in that they were signed by an attorney but were not in fact meaningfully reviewed by an attorney, in violation of §§ 1692 e, 169e(3) 1692e(5), 1692e(10) and 1692f.

27. As a result of these violations of the FDCPA, Plaintiff has suffered actual damages including, without limitation, stress, anxiety, sleep deprivation, pain and suffering, and bank fees.

28. As a result of these violations, Plaintiff is entitled to statutory damages of up to $1,000, actual damages, treble damages and attorney's fees and costs.

### DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

Respectfully submitted,

Dated: August, 29 2011

Stanley Smotritsky, Esq.
SMOTRITSKY LAW GROUP, PLLC
Attorneys for Plaintiff
1928 Kings Highway, 3rd Floor
Brooklyn, New York 11229
Telephone: (718) 554-3630
Facsimile: (718) 679-9196
stan@srlawonline.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF NEW YORK    )
                                    ) ss
COUNTY OF Bronx     )

Plaintiff, Teresa Mauriello, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

                                                                       _/s/ Teresa Mauriello_
                                                                           Teresa Mauriello

Subscribed and sworn to before me
this _9_ day of _Sept._, 2011.

_/s/ Notary_
Notary Public

MELISSA RAMIREZ
NOTARY PUBLIC-STATE OF NEW YORK
No. 01RA6241171
Qualified in Kings County
My Commission Expires May 16, 2015